KEITH ALTMAN (CA SBN 257309)
kaltman@lawampmmt.com
SOLOMON RADNER (*pro hac vice*)
sradner@1800lawfirm.com
26700 Lahser Road, Suite 401
Southfield, MI 48033
Telephone:  (516) 456-5885

ARI KRESCH (*pro hace vice*)
akresch@1800lawfirm.com
26700 Lahser Road, Suite 400
Southfield, MI 48033
Telephone:  (248) 291-9712

*Attorneys for Plaintiff*

DAVID H. KRAMER (CA SBN 168452)
dkramer@wsgr.com
LAUREN GALLO WHITE (CA SBN 309075)
lwhite@wsgr.com
WILSON SONSINI
   GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California  94304
Telephone:     (650) 493-9300
Facsimile:      (650) 565-5100

BRIAN M. WILLEN (*pro hac vice*)
bwillen@wsgr.com
WILSON SONSINI
   GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 999-5800

*Attorneys for Defendant*
**GOOGLE INC.**

SETH P. WAXMAN (*pro hac vice*)
seth.waxman@wilmerhale.com
PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:  (202) 663-6800
Facsimile:  (202) 663-6363

MARK D. FLANAGAN (CA SBN 130303)
mark.flanagan@wilmerhale.com
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Defendant*
**TWITTER, INC.**

KRISTIN A. LINSLEY (CA SBN 154148)
kristin.linsley@mto.com
ROSEMARIE T. RING (CA SBN 220769)
rose.ring@mto.com
ANDREW RUBENSTEIN (CA SBN 295116)
andrew.rubenstein@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA  94105
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

*Attorney for Defendant*
**FACEBOOK, INC.**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| REYNALDO GONZALEZ, individually and as successor-in-interest of the ESTATE OF NOHEMI GONZALEZ.,<br><br>                 Plaintiff,<br>      v.<br><br>TWITTER, INC., GOOGLE INC., and FACEBOOK INC.,<br><br>                 Defendants. | Case No. 4:16-cv-3282-DMR<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Hearing Date: 1:30 PM, September 21, 2016<br>Place:          Courtroom 4, 3d Floor<br><br>Judge:          Hon. Donna M. Ryu |

1   The parties to the above-entitled action (the "Parties"), having met and conferred through

2   their counsel via telephone on August 31, 2016, submit this Joint Case Management Statement

3   pursuant to the Standing Order for All Judges of the Northern District of California dated

4   November 1, 2014 and Civil Local Rule 16-9.

5

6   1.   **Jurisdiction and Service**

7   The Parties agree that Defendants have been properly served and that there are no issues

8   regarding personal jurisdiction or venue.  Plaintiff is a citizen of the state of California.

9   Defendants' principal places of business are in California.  Plaintiff's position is that this Court

10   has subject matter jurisdiction over the instant case under 28 U.S.C. §1331 and 18 U.S.C.

11   § 2333(a).  Defendants take no position on the question of subject matter jurisdiction.

12

13   2.   **Facts**

14   A.   **Plaintiff's Statement**

15   Nohemi Gonzalez was murdered in the November 2015 terrorist attacks by operatives of

16   the international terrorist group ISIS.  Defendants are liable because they provide material

17   support to ISIS by 1) allowing ISIS to conduct terrorist operations using their networks and

18   2) generating advertising revenue from the display of ISIS-related content and/or sharing

19   advertising revenue with ISIS.  Contrary to Defendants' protestations, this case is substantially

20   different than *Fields v. Twitter*, No. 16-cv-00213-WHO, specifically in that *Fields* does not

21   address the intersection between Defendants advertising practices and ISIS's use of their

22   networks to conduct terrorist operations.

23   B.   **Defendants' Statement**

24   Nohemi Gonzalez's death in Paris at the hands of terrorists is tragic.  That said, this

25   action is misdirected insofar as it seeks to hold Twitter, Google, and Facebook liable for that

26   appalling crime—not because of any connection between Defendants and the Paris attack, but

27   rather because Defendants' broadly available online communications platforms, which have

28   *billions* of users worldwide, allegedly were used by other terrorists (though not the Paris

attackers) to transmit information promoting their views and activities.  Plaintiff's allegations regarding Defendants' alleged conduct are largely copied verbatim or nearly verbatim from allegations regarding Twitter's conduct made in the original complaint in *Fields v. Twitter*, No. 16-cv-00213-WHO (ECF No. 1). On August 10, 2016, Judge Orrick dismissed the claims in *Fields*, holding that they were barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230 ("Section 230").  *See* 2016 WL 4205687, *6-*8 (N.D. Cal. Aug. 10, 2016).

   3.   **Legal Issues**

   **A.   Plaintiff's Statement**

Plaintiff agrees that Defendants' statement of the legal issues is a fair representation of the issues.

   **B.   Defendants' Statement**

As explained in Defendants' joint motion to dismiss (Dkt. No. 36), the Complaint must be dismissed on the grounds that (1) 47 U.S.C. § 230 bars Plaintiffs' claims; and (2) the Complaint fails to allege facts plausibly establishing essential elements of a claim for relief under the Terrorism Civil Remedy Provision, 18 U.S.C. § 2333(a), including the requirements to establish that (a) each Defendant proximately caused Nohemi Gonzalez's death, *id.*; (b) each Defendant knowingly provided material support to ISIS, *id.* § 2339A and § 2339B; and (c) each Defendant's conduct involved violent acts or acts dangerous to human life that appear to have been intended to achieve one of the statutorily-specified terrorist purposes, *id.* § 2331(1)(A), (B). Other legal issues presented by this case include whether the First Amendment bars Plaintiff's suit; whether making an interactive computer service broadly available can constitute the provision of material support to terrorists or a terrorist organization; and whether Defendants may be held liable for the intentional and unlawful conduct of one or more third parties that allegedly led to Ms. Gonzalez's death.

4.   **Motions**

Defendants filed a motion to dismiss on September 2, 2016.  *See* Dkt. No. 36.  On September 9, 2016, the parties filed a stipulation requesting that the Court enlarge the deadlines to respond to the motion to dismiss.  *See* Dkt. No. 38.    In the joint stipulation, the parties requested that Plaintiff have until October 18, 2016 to either respond to the motion to dismiss or file an amended complaint.  If Plaintiff responds to the motion to dismiss, then Defendants would have until November 7, 2016 to file their reply.  If Plaintiff amends the complaint, then Defendants would have until November 17, 2016 to answer or respond to the amended complaint.  Because December 19, 2016—the date identified by the Court for a motion to dismiss hearing (Dkt. No. 39)—conflicts with pre-existing obligations of one Defendant's lead counsel, the parties hereby propose that the Court hold the hearing on January 12, 2017 (the first standard date in January 2017 on this Court's calendar).

5.   **Amendment of Pleadings**

**A.   Plaintiff's Statement**

Plaintiff may amend his complaint as of right under F.R.C.P. 15(a)(1)(B) within 21 days of the filing of Defendants' motion to dismiss unless the time is enlarged as noted above.  At this time, Plaintiff has not decided whether to amend the complaint.  In any event, at such time as this Court may rule on a motion to dismiss, Plaintiff submits that this Court should allow further amendments of the complaint as is just.  Defendants have suggested that plaintiff should not have such an opportunity, but unless amendment would be futile, they can provide no basis as to why this Court should not follow *Fields* where even after granting the motion to dismiss as pointed out above, Plaintiff was still given leave to replead.

**B.   Defendants' Statement**

Defendants believe that dismissal of the Complaint should be with prejudice, not accompanied by any grant of leave to amend, because, among other reasons, Plaintiff currently has a full and fair opportunity to amend his complaint as of right to try to account for Judge Orrick's decision dismissing the nearly identical complaint in *Fields* and the arguments in

Defendants' motion to dismiss that address Plaintiff's very few changes to that complaint. Further, any amendment would be futile in light of the broad immunity conferred on Defendants by Section 230 and the impossibility of squaring Plaintiffs' theory of the case with the elements of the Terrorism Civil Remedy Provision.

6. **<u>Evidence Preservation</u>**

A. **Plaintiff's Statement**

Plaintiff certifies that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). Plaintiff further certifies that they have taken reasonable steps to preserve electronic information. As is the subject of the Joint Letter Brief filed on September 8, 2016 (ECF # 37), Plaintiff maintains that Defendants have not complied with Rule 26(f) and the local rules of the Court.

B. **Defendants' Statement**

Defendants certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and further certify that they have taken all reasonable steps to preserve evidence relevant to the issues reasonably evident in this action. During the Parties' Rule 26(f) Conference on August 31, 2016, each Defendant assured Plaintiff that it had taken such reasonable steps to preserve evidence.

7. **<u>Disclosures</u>**

A. **Plaintiff's Statement**

While Defendants may have the right to object to Rule 26(a) initial disclosures, Plaintiff maintains that Defendants still have an obligation to discuss sources of discovery in accordance with Rule 26(f) and the local rules of the Court. This is the nature of the Joint Letter Brief filed on September 8, 2016. (ECF # 37)

B. **Defendants' Statement**

During the Rule 26(f) Conference, Defendants exercised their right to "object … that initial disclosures are not appropriate in this action," Fed. R. Civ. Proc. 26(a)(1)(C), on the

ground that Section 230 grants Defendants immunity not only from liability but also from the burdens of litigation, including discovery, and that, even if a stay were not mandatory, such a stay should be entered in the interests of justice in this Court's discretion. Defendants agree that Plaintiff need not make initial disclosures unless and until Defendants also make initial disclosures.

8.   **Discovery**

A.   **Plaintiff's Statement**

Plaintiffs maintain that Defendants did not comply with the requirements of Rule 26(f) and the local rules of the Court. While a stay of discovery may be appropriate, a stay of the Rule 26(f) requirements for a discovery plan is not appropriate and Defendants had an obligation to seek variance with the Rule before simply refusing to comply. Absent a discovery plan, it would be difficult, if not impossible, for Plaintiffs to meaningfully agree to or oppose a stay of discovery as sought by Defendants.

B.   **Defendants' Statement**

As set forth in the separate Joint Letter Regarding Discovery that the Parties filed on September 8, 2016, Defendants' position is that they have complied with the requirements of Rule 26(f) and the local rules of the Court, and that all discovery should be stayed and no discovery plan should be adopted before the Court rules on Defendants' motion to dismiss. Such a stay should be granted because (1) Section 230 grants Defendant immunity not only from liability but also from the burdens of litigation, including discovery, and (2) a stay during the time it will take for the Court to decide Defendants' pending motion to dismiss (or, if there is an intervening amended complaint, the further motion to dismiss that Defendants will file in response to that pleading) will promote judicial economy and avoid potential waste of the Parties' resources.

9.   **Class Actions**

This is not a class action.

10.   **Related Cases**

    **A.   Plaintiffs' Statement**

There are no related cases.

    **B.   Defendants' Statement**

Plaintiff's complaint is largely copied verbatim or nearly verbatim from the original complaint filed in *Fields v. Twitter*, No. 16-cv-00213-WHO (ECF No. 1).  On June 29, 2016, Judge Orrick ruled that this case and the *Fields* case are not related cases under this Court's test for treating cases as related.  *See* Dkt. No. 10; Civil L.R. 3-12(a).

11.   **Relief**

    **A.   Plaintiff's Statement**

Plaintiffs have sought compensatory damages to be trebled under 18 U.S.C. § 1833, attorneys' fees and costs, and any other relief as justice so requires.

    **B.   Defendants' Statement**

Defendants position is that Plaintiffs are entitled to no relief from Defendants.  At this stage of the litigation, Defendants are not in a position to describe the bases on which any alleged damages should be calculated in the event liability were established notwithstanding Defendants' federal statutory immunity from both suit and liability in this matter.

12.   **Settlement and ADR**

The Parties do not believe that ADR or settlement discussions will be fruitful at this time.

13.   **Consent to Magistrate Judge For All Purposes**

The Parties have consented to assignment of this case to a Magistrate Judge.  *See* Dkt. Nos. 22, 23, 24, 25.

14.   **Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation at this time.

15.   **Narrowing of Issues**

This case is still in its initial stages and, as such, there are no issues that can be narrowed by agreement or motion at the present time, other than those presented in Defendants' pending motion to dismiss.  The Parties will continue to meet and confer about any issues that might be narrowed.

16.   **Expedited Trial Procedure**

The Parties agree that this action need not proceed on an expedited basis.

17.   **Scheduling**

    A.   **Plaintiff's Statement**

Plaintiff's position is that a discovery plan should be developed immediately as requires under the rules.  Once that has been done, Plaintiff will be better able to discuss whether discovery should be stayed and whether other dates should be set.

    B.   **Defendants' Statement**

Defendants' position is that all activity in this suit, other than that necessary to resolve Defendants' motion to dismiss, including in particular its immunity from both the burdens of litigation and liability in connection with this suit under Section 230, should be stayed pending disposition of the motion to dismiss.  As a result, it is premature to establish dates for designation of experts, discovery cutoff, pretrial conference and trial.  Developing a discovery plan in advance of a decision on the Section 230 immunity issue would be wasteful of the resources of the Court and the parties and would subject Defendants to burdens of litigation from which (if their motion to dismiss is granted) they should be immune. Defendants respectfully request that its motion to dismiss be heard and decided promptly.

18.    **Trial**

    **A.    Plaintiff's Statement**

Plaintiff has demanded a jury trial.  Plaintiff expects the trial to last four to five weeks.

    **B.    Defendants' Statement**

The time under Rule 38 for Defendants to demand a jury trial has not yet elapsed. Defendants believe it is premature for it to formulate a view at this time regarding the expected length of any trial in the event that this suit proceeds past the motion-to-dismiss stage.

19.    **Disclosure of Non-party Interested Entities or Persons**

The Parties have complied with Civil Local Rule 3-15 by filing a Certificate of Interested Parties.

20.    **Professional Conduct**

All attorneys of record for the respective Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21.    **Other Matters**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

1

Dated:  September 14, 2016

2

_____/s/ Keith Altman_____
KEITH ALTMAN (CA SBN 257309)

3

kaltman@lawampmmt.com
SOLOMON RADNER (*pro hac vice*)

4

sradner@1800lawfirm.com
26700 Lahser Road, Suite 401

5

Southfield, MI 48033

6

Telephone:  (516) 456-5885

7

ARI KRESCH (*pro hace vice*)

8

akresch@1800lawfirm.com
26700 Lahser Road, Suite 400

9

Southfield, MI 48033
Telephone:  (248) 291-9712

10

11

*Attorneys for Plaintiff*

12

_____/s/ David H. Kramer_____

13

DAVID H. KRAMER (CA SBN 168452)
dkramer@wsgr.com

14

LAUREN GALLO WHITE (CA SBN 309075)
lwhite@wsgr.com

15

WILSON SONSINI
   GOODRICH & ROSATI, P.C.

16

650 Page Mill Road
Palo Alto, California  94304

17

Telephone:     (650) 493-9300
Facsimile:      (650) 565-5100

18

19

BRIAN M. WILLEN (*pro hac vice*)
bwillen@wsgr.com

20

WILSON SONSINI
   GOODRICH & ROSATI, P.C.

21

1301 Avenue of the Americas
New York, NY 10019

22

Telephone:  (212) 999-5800

23

*Attorneys for Defendant*

24

**GOOGLE INC.**

25

26

27

28

Respectfully submitted,

_____/s/ Seth P. Waxman_____
SETH P. WAXMAN (*pro hac vice*)
seth.waxman@wilmerhale.com
PATRICK J. CAROME (*pro hac vice*)
patrick.carome@wilmerhale.com
ARI HOLTZBLATT (*pro hac vice*)
ari.holtzblatt@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C. 20006
Telephone:  (202) 663-6800
Facsimile:  (202) 663-6363

MARK D. FLANAGAN (CA SBN 130303)
mark.flanagan@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
Telephone:  (650) 858-6000
Facsimile:  (650) 858-6100

*Attorneys for Defendant*
**TWITTER, INC.**

_____/s/ Kristin A. Linsley_____
KRISTIN A. LINSLEY (CA SBN 154148)
kristin.linsley@mto.com
ROSEMARIE T. RING (CA SBN 220769)
rose.ring@mto.com
ANDREW RUBENSTEIN (CA SBN 295116)
andrew.rubenstein@mto.com
MUNGER TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA  94105
Telephone:  (415) 512-4000
Facsimile:      (415) 512-4077

*Attorneys for Defendant*
**FACEBOOK, INC.**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEY ATTESTATION

I, Ari Holtzblatt, am the ECF User whose ID and password are being used to file this Notice of Motion, Motion, and Memorandum.  In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

By:   /s/ Ari Holtzblatt
              Ari Holtzblatt

CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2016, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By:   /s/ Ari Holtzblatt
              Ari Holtzblatt