1  DAVID H. KRAMER (CA SBN 168452)
   dkramer@wsgr.com
2  LAUREN GALLO WHITE (CA SBN
   309075)
3  lwhite@wsgr.com
   WILSON SONSINI
4    GOODRICH & ROSATI, P.C.
   650 Page Mill Road
5  Palo Alto, California 94304
   Telephone:    (650) 493-9300
6  Facsimile:    (650) 565-5100

7  BRIAN M. WILLEN (*pro hac vice*)
   bwillen@wsgr.com
8  WILSON SONSINI
     GOODRICH & ROSATI, P.C.
9  1301 Avenue of the Americas
   New York, NY 10019
10 Telephone:    (212) 999-5800

11 *Attorneys for Defendant*
   **GOOGLE LLC**
12

KEITH ALTMAN (CA SBN 257309)
kaltman@lawampmmt.com
EXCOLO LAW, PLLC
26700 Lahser Road, Suite 401
Southfield, MI 48033
Telephone:    (516) 456-5885

*Attorneys for Plaintiff*
**Reynaldo Gonzalez**

ROBERT J. TOLCHIN (*pro hac vice*)
rtolchin@berkmanlaw.com
THE BERKMAN LAW OFFICE, LLC
829 East 15th Street, Box 7
Brooklyn, New York 11230
Telephone:    (718) 855-3627

*Attorneys for Plaintiffs*
**The Estate of Nohemi Gonzalez, Beatriz
Gonzalez (Individually and as
Representative of the Estate of Nohemi
Gonzalez), Jose Hernandez, Rey Gonzalez,
and Paul Gonzalez**

13

14                 **UNITED STATES DISTRICT COURT**

15      **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

16 REYNALDO GONZALEZ, the ESTATE OF      )    CASE NO.: 4:16-cv-03282-DMR
   NOHEMI GONZALEZ, BEATRIZ             )
17 GONZALEZ, Individually and as the    )    **JOINT CASE MANAGEMENT**
   Representative of the Estate Of Nohemi )  **CONFERENCE STATEMENT**
18 Gonzalez, JOSE HERNANDEZ, REY        )
   GONZALEZ, and PAUL GONZALEZ,         )    Date: October 18, 2023
19                                       )    Time: 1:30 pm
            Plaintiffs,                  )    Judge: Hon. Donna M. Ryu
20                                       )
            v.                           )
21                                       )
   GOOGLE LLC,                           )
22                                       )
            Defendant.                   )
23 _____ )

24

25

26

27

28

The parties to the above-entitled action (the "Parties"), having met and conferred through their counsel via telephone on October 2, 2023, submit this Further Joint Case Management Statement pursuant to the Court's August 4, 2023 Order (Dkt. 149) and Civil Local Rule 16-10(d). The Parties incorporate by reference the prior Joint Case Management Statement, filed September 14, 2016. Dkt. 41.

## I.   PROCEDURAL HISTORY

*District Court Proceedings.* Plaintiffs initially sued Twitter, Google, and Facebook in June 2016, alleging four counts for direct and secondary liability under the Anti-Terrorism Act ("ATA") relating to the death of Nohemi Gonzalez, who was killed by ISIS-associated terrorists in a 2015 terrorist attack in Paris, France. Dkt. 1. Defendants jointly moved to dismiss. Dkt. 36. Plaintiffs amended the complaint, filing a First Amended Complaint on December 2, 2016. Dkt. 55. Defendants again jointly moved to dismiss in January 2017. Dkt. 61.

Following resolution of a dispute regarding the administration of Nohemi Gonzalez's estate, and the joinder of her additional family members, Plaintiffs sought and obtained leave to amend and filed a Second Amended Complaint ("SAC") against Google alone. Dkt. 74 (voluntary dismissal of Twitter and Facebook); Dkt. 86 (motion for leave); Dkt. 95 (Second Amended Complaint). The SAC asserted four claims under the ATA. Dkt. 95. Count 1 asserted that Google is liable under ATA section 2333(d) for "aid[ing] and abet[ting]" acts of international terrorism (*id.* ¶ 485); Count 2 asserted that Google is liable under ATA section 2333(d) for allegedly "conspiring with ISIS" (*id.* ¶¶ 490-491); Count 3 asserted that Google is directly liable under ATA section 2333(a) for allegedly violating 18 U.S.C. § 2339A, which prohibits knowingly providing "material support or resources" to terrorists (*id.* ¶¶ 493-497); Count 4 asserted that Google is directly liable under ATA section 2333(a) by allegedly violating 18 U.S.C. § 2339B(a)(1), which prohibits knowingly providing "material support or resources" to a designated foreign terrorist organization.

In May 2017, Google moved to dismiss Plaintiffs' SAC, arguing both that the complaint failed to state a claim and that the claims were barred by Section 230 of the Communications Decency Act ("Section 230"), 47 U.S.C. § 230. Dkt. 100. After a hearing (Dkts. 104, 105), in

1    October 2017, the Court dismissed the SAC with leave to amend, concluding that the claims as

2    pleaded were barred by Section 230 (Dkt. 110).

3           In November 2017, Plaintiffs filed a Third Amended Complaint ("TAC"). Dkt. 111. The

4    TAC asserted the same four ATA claims as before (Counts 1-4), with new direct liability ATA

5    claims based on alleged concealment of material support (Count 5) and alleged violation of

6    regulations promulgated pursuant to the International Economic Powers Act ("IEEPA") (Count

7    6). *Id.* ¶¶ 586-594. Plaintiff also added new theories based on Google allegedly sharing advertising

8    revenue with ISIS. *Id.* ¶¶ 515-533.

9           Google moved to dismiss the TAC in January 2018. Dkt. 116. In August 2018, the Court

10   granted Google's motion. Dkt. 129. The Court found that "[w]ith the exception of Plaintiffs'

11   revenue sharing claims, the claims in the TAC are all premised on the theory that Google permitted

12   ISIS and its supporters to use the YouTube platform to disseminate a terrorist message"—a theory

13   barred by Section 230. Dkt. 129 at 29. In addition, the Court found that all of Plaintiffs' direct

14   liability theories (Counts 3, 4, 5, and 6) failed to adequately plead proximate causation as required

15   under the Ninth Circuit's opinion in *Fields v. Twitter*, 881 F.3d 739 (9th Cir. 2018), which had

16   rejected similar direct liability ATA claims against Twitter for the same reason. Dkt. 129 at 24-29.

17   The Court denied Plaintiffs' request for leave to amend as to all claims other than those based on

18   alleged revenue sharing, reasoning that "Plaintiffs have already been given an opportunity to

19   amend the complaint to avoid [Section 230] immunity." *Id.* at 29. As to the claims premised on

20   the revenue-sharing theory, the Court "granted one final opportunity to amend those claims in a

21   manner consistent with Rule 11." *Id.* Plaintiffs chose not to amend the complaint, and the Court

22   entered final judgment on August 31, 2018. Dkt. 130.

23           ***Ninth Circuit Proceedings.*** Plaintiffs appealed. Dkt. 132. On appeal, Plaintiffs argued that

24   Section 230 did not apply to bar their claims and that they had properly stated claims in Counts 1,

25   2, 3, and 4 for direct and secondary liability under the ATA. *See* Joint Br. for Plaintiffs-Appellants

26   at 31-70, *Gonzalez v. Google*, No. 18-16700 (9th Cir.), Dkt. 19. Plaintiffs did not challenge the

27   district court's dismissal of Count 5 (concealment of material support) or Count 6 (IEEPA). *See*

28   *id.* In June 2021, the Ninth Circuit affirmed in a consolidated opinion addressing this case

alongside *Taamneh v. Twitter*, 3:17-cv-04107-EMC (N.D. Cal.) and *Clayborn v. Twitter*, Nos. 3:17-cv-06894-LB (N.D. Cal.), 3:18-cv-00543-LB (N.D. Cal.), two similar cases brought by some of Plaintiffs' counsel.

In addressing *Gonzalez*, the Ninth Circuit affirmed the dismissal of Plaintiffs' claims against Google, holding that Section 230 barred those claims except insofar as they were based on allegations that Google shared advertising revenue with ISIS. *See Gonzalez v. Google LLC*, 2 F.4th 871, 897–98 (9th Cir. 2021). The Ninth Circuit held that the latter allegations failed to state a direct liability claim because the complaint did not establish any act of international terrorism—*i.e.*, that Google's purported actions "appeared to be intended to intimidate or coerce a civilian population, or to influence or affect a government as required by the ATA." *Id.* at 901. Those same allegations failed to state an aiding-and-abetting claim because the complaint did not allege that the purported assistance was "substantial." *Id.* at 906-07. And Plaintiffs failed to state a conspiracy claim because the complaint did not "plausibly suggest that Google reached an agreement with ISIS to carry out the Paris Attacks." *Id.* at 907.

In addressing *Taamneh*, the Ninth Circuit reversed the dismissal of the plaintiffs' aiding-and-abetting claim against Twitter, Google, and Facebook, reasoning that defendants were "generally aware that ISIS used defendants' platforms to recruit, raise funds, and spread propaganda"; "refused to take meaningful steps to prevent that use"; and thus "provided services that were central to ISIS's growth and expansion … over many years." *Id.* at 908-10. The Supreme Court would later reverse that ruling, as discussed below.

**Supreme Court Proceedings.** Plaintiffs filed a petition for certiorari with the Supreme Court, seeking review of the Ninth Circuit's application of Section 230 in this case. Plaintiffs did not seek review of the Ninth Circuit's holding that their revenue-sharing allegations failed to state a claim for direct or secondary liability under the ATA, nor did they seek review of the Ninth Circuit's holding that Plaintiffs failed to state a conspiracy claim. Defendants filed a conditional petition for certiorari in *Taamneh*, seeking review of the Ninth Circuit's interpretation of the ATA's aiding-and-abetting provision. Both petitions were granted in October 2022.

In May 2023, the Supreme Court issued its opinions in *Taamneh* and *Gonzalez*. In *Taamneh*, the Supreme Court reversed the Ninth Circuit's ruling on the merits of the aiding-and-abetting theory under the ATA. *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). The Supreme Court held that, for an aiding-and-abetting claim under the ATA, the defendant must have provided knowing and substantial assistance to the commission of "the act of international terrorism that injured the plaintiffs"—not just assisted the terrorist enterprise generally. *Id.* at 497. The Court explained that the traditional understanding of aiding and abetting—the "'old soil'" that the ATA brought with it when it incorporated the concept—"refers to a conscious, voluntary, and culpable participation in another's wrongdoing." *Id.* at 484, 493. Because the *Taamneh* plaintiffs did not allege that the defendants knowingly or substantially aided ISIS in carrying out the underlying attack, the Supreme Court held that the complaint failed this standard as a matter of law. The Supreme Court also affirmed the Ninth Circuit's holding that the revenue-sharing allegations against Google failed to state an aiding-and-abetting claim because there were no allegations that any revenue sharing amounted to "substantial assistance" to "the Reina attack" or "every single terrorist act committed by ISIS." *Id.* at 505-06. The Supreme Court reversed the judgment in *Taamneh* without remanding or giving the plaintiffs any further opportunity to amend the complaint. *Id.* at 506.

In *Gonzalez*, the Court did not reach the sole question presented (whether Section 230 applied to bar the Plaintiffs' claims), instead remanding in light of *Taamneh*. *Gonzalez v. Google LLC*, 598 U.S. 617 (2023). The Supreme Court made clear that it was "not resolv[ing] either the viability of plaintiffs' claims as a whole or whether plaintiffs should receive further leave to amend." *Id.* at 622. That said, the Court specifically noted that the *Gonzalez* complaint "appear[ed] to state little, if any, plausible claim for relief" in light of Plaintiffs' concession that their secondary liability claims were "materially identical" to those in *Taamneh* and the Ninth Circuit's "unchallenged holdings" that their revenue-sharing allegations failed to state an ATA claim for direct, conspiracy or aiding-and-abetting liability. *Id.* Given the lack of any final judicial resolution of whether the *Gonzalez* plaintiffs had stated a claim unrelated to revenue sharing and without regard to Section 230, the Court vacated the judgment and remanded. *Id.*

1        On July 3, 2023, the Ninth Circuit remanded the case to this Court. Dkt. 145.

2    **II.    PLAINTIFFS' CASE MANAGEMENT PROPOSAL**

3        Plaintiffs propose that they be permitted to file a further amended complaint. The proposed

4    amended complaint would endeavor to state a cause of action under the ATA consistent with the

5    teachings of the Supreme Court's decision in *Taamneh*, and would further add claims under state

6    law, which in this case would be the law of California, which is Plaintiffs' decedent's domicile

7    and Defendant's corporate home, and the law of France, where the terror attack in which Plaintiffs'

8    decedent was murdered took place. The Supreme Court's decision in *Taamneh* clearly moved the

9    goalposts as to what constitutes a viable claim under the ATA. Its decision not to reach the Section

10   230 issues raised in *Gonzalez* because it found that after *Taamneh* the *Gonzalez* complaint did not

11   state a cause of action, and its decision to remand *Gonzalez* strongly suggests that the fair next step

12   is for this Court to permit Plaintiffs to try to amend to state a claim that remains viable post-

13   *Taamneh*. Further, now that the ATA has been substantially limited by *Taamneh,* it is only fair to

14   allow Plaintiffs an opportunity to replead this matter as under California and/or French law. While

15   Plaintiffs understand that these claims would still face Section 230 arguments from Defendant, if

16   the amended complaint is held to state a cause of action, the Section 230 issue can be addressed

17   again by this Court, the Ninth Circuit, and potentially the Supreme Court which accepted this case

18   to decide that issue but could not reach it due to the *Taamneh* case decided in tandem with it.

19   **III.    DEFENDANT'S CASE MANAGEMENT PROPOSAL**

20       No further amendment of the complaint should be permitted. The only hook Plaintiffs

21   identify for any proposed amendment is the Supreme Court's decision in *Taamneh*, but that ruling

22   decisively rejected an ATA aiding-and-abetting claim against Google and other online service

23   providers that was, in Plaintiffs' own words, "materially identical" to Plaintiffs' aiding-and-

24   abetting claim in this case. *See Gonzalez*, 598 U.S. at 622 (citing Tr. of Oral Arg. 58). Plaintiffs

25   do not even try to explain how they would now transform their pleadings to state an ATA claim

26   under *Taamneh* (and also somehow sidestep Section 230), much less submit an actual proposed

27   amendment as would generally be required for seeking leave to amend in this procedural posture.

28   *See Young v. LG Chem Ltd.*, 2015 WL 8269448, at *7 (N.D. Cal. Dec. 9, 2015) (Ryu, M.J.)

(denying request for leave to amend based on failure to include proposed amended complaint because "[t]he submission of the proposed amended pleading allows a court to review changes and determine whether 'justice requires' granting leave to amend" (citing Fed. R. Civ. P. 15(a)(2)); Civil L.R. 10-1 (requiring the submission of "the entire proposed pleading"). Plaintiffs' unanimous defeat in the Supreme Court is the reason why this long-running case should be brought to a close, not why it should be dragged out even further.[1]

Plaintiffs' eleventh-hour effort to pivot to unidentified claims under state or foreign law should be rejected. Through four successive complaints, Plaintiffs had every opportunity to assert all conceivably material factual allegations and legal theories against Google arising from the 2015 ISIS attack in Paris—so much so that Plaintiffs declined the last opportunity the Court gave them to further amend when it dismissed the TAC. Even now, Plaintiffs do not identify ***any*** additional facts that they somehow overlooked in their First, Second, and Third Amended Complaints that they could now plead in support of their case. If Plaintiffs thought some state or foreign law claims were viable, they could have asserted them in any of their prior complaints. Plaintiffs apparently seek to inject these new claims into the case now because they recognize that all their efforts to assert claims under federal law are hopeless. But adding such claims ***over seven years*** after this case was filed would be unfair and prejudicial to Defendants, forcing them to litigate brand new (and potentially complex) legal issues—including choice of law, statute of limitations, and the application of French tort law. *See, e.g.*, *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (upholding denial of leave to amend based on eight-month delay); *Dupree v. Apple, Inc*, 2017 WL 201705, at *4 (N.D. Cal. Jan. 18, 2017) (finding amendment would prejudice defendant by "caus[ing] further delay in what has already been lengthy litigation").

---

[1] It is not clear which ATA claims Plaintiffs are seeking leave to amend, but even while *Taamneh* unambiguously forecloses their aiding-and-abetting claim, Plaintiffs have even less basis for amending their other claims. Plaintiffs' ATA conspiracy claim (Count 2) was rejected on the merits by the Ninth Circuit, *Gonzalez*, 2 F.4th at 907, and Plaintiffs did not seek certiorari to challenge that ruling, *Gonzalez*, 598 U.S. at 622. That claim is over. This Court dismissed Plaintiffs' ATA direct liability claims (Counts 3-4) for lack of proximate cause under *Fields* (Dkt. 129 at 24-29), and nothing on appeal gives any reason to reopen those claims now. Finally, Plaintiffs forfeited their claims for concealment of material support and violation of IEEPA (Counts 5-6), by failing to raise those claims in the Ninth Circuit after this Court dismissed them with prejudice. *See* Joint Br. for Plaintiffs-Appellants at 31-70, *Gonzalez v. Google*, No. 18-16700 (9th Cir.), Dkt. 19.

Such claims would also be futile. Plaintiffs in other ATA cases against online service providers (including cases brought by the same counsel as here) have asserted state and foreign law claims, all of which have been dismissed, whether based on lack of proximate cause, Section 230, or other grounds. *See, e.g.*, *Copeland v. Twitter, Inc.*, 352 F. Supp. 3d 965, 976 (N.D. Cal. 2018) (dismissing state law claims for lack of proximate cause); *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 160 (E.D.N.Y. 2017) (dismissing Israeli-law claims based on Section 230), *aff'd in part, dismissed in part sub nom. Force v. Facebook, Inc.*, 934 F.3d 53 (2d Cir. 2019). Here, Plaintiffs do not even attempt to explain what causes of action they would assert, offer any proposed allegations to support them, or otherwise give any reason to think that such claims have any possibility of success. This Court should not open the door to entirely new claims at this late date.

In sum, any further amendment would only further delay the inevitable. Google respectfully submits that this Court should: (1) confirm that Plaintiffs' TAC remains the operative complaint and no further amendment will be permitted; (2) immediately dismiss Counts 2-6 of the TAC based on this Court and the Ninth Circuit's prior rulings (*see supra* n.1); and (3) allow Google to file a supplemental motion to dismiss the TAC's claim for aiding-and-abetting in light of the Supreme Court's decision in *Taamneh*. Because dismissal of that claim issue is straightforward under *Taamneh* (and this Court's prior Section 230 rulings), Google proposes that briefing on its supplemental motion to dismiss be limited to 15 pages for the opening memorandum, 15 pages for the opposing memorandum, and 10 pages for any reply memorandum. The Parties can meet and confer about a reasonable briefing schedule for that supplemental motion.

## IV.   Settlement and ADR

The Parties do not believe that ADR or settlement discussions will be fruitful at this time.

1

Dated: October 10, 2023

Respectfully submitted,

2

    */s/ Keith Altman*

    */s/ Brian M. Willen*

3

KEITH ALTMAN (CA SBN 257309)
kaltman@lawampmmt.com

BRIAN M. WILLEN (*pro hac vice*)
bwillen@wsgr.com

4

EXCOLO LAW, PLLC
26700 Lahser Road, Suite 401

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

5

Southfield, Michigan 48033
Telephone:   (516) 456-5885

1301 Avenue of the Americas
New York, New York 10019

6

Telephone:   (212) 999-5800

7

ARI KRESCH (*pro hac vice*)
akresch@1800lawfirm.com

8

1-800-LAWFIRM
26700 Lahser Road, Suite 401

DAVID H. KRAMER (CA SBN 168452)
dkramer@wsgr.com

9

Southfield, Michigan 48033

LAUREN GALLO WHITE (CA SBN 309075)
lwhite@wsgr.com

10

**Attorneys for Plaintiff**
**Reynaldo Gonzalez**

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

11

650 Page Mill Road
Palo Alto, California 94304

12

    */s/ Robert J. Tolchin*

Telephone:   (650) 493-9300
Facsimile:   (650) 565-5100

13

ROBERT J. TOLCHIN (*pro hac vice*)
rtolchin@berkmanlaw.com

14

THE BERKMAN LAW OFFICE, LLC
829 East 18th Street, Box 7

**Attorneys for Defendant**
**GOOGLE LLC**

15

Brooklyn, New York 11201
Telephone:   (718) 855-3627

16

17

Diane Y. Park (CA SBN 222354)
dpark@weinstocklaw.com

18

WEINSTOCK MANION
1875 Century Park East, Suite 2000

19

Los Angeles, California 90067
Telephone:   (310) 553-8844

20

Facsimile:   (310) 553-5165

21

**Attorneys for Plaintiffs**

22

**The Estate of Nohemi Gonzalez, Beatriz**
**Gonzalez (Individually and as**

23

**Representative of the Estate of Nohemi**
**Gonzalez), Jose Hernandez, Rey Gonzalez,**

24

**and Paul Gonzalez**

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTORNEY ATTESTATION

I, Brian M. Willen, am the ECF User whose ID and password are being used to file this **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of the document has been obtained from each of the other signatories.

By: /s/  *Brian M. Willen*
Brian M. Willen

CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By: /s/  *Brian M. Willen*
Brian M. Willen